```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTOINE L. TAYLOR,

                    Plaintiff,
                                          ORDER
          -against-                       11-CV-3608(JS)(ETB)

CORRECTIONAL OFFICER MICHAEL WILDE,
NASSAU COUNTY SHERIFF'S DEPARTMENT,
ACTING SHERIFF MR. SPASTTO,
MR. LETTMAN, Seargant on duty the
night of the incident,

                    Defendants.
----------------------------------X
```

APPEARANCES:
FOR Plaintiff:      Antoine L. Taylor, Pro Se
                    09008969
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearance.

SEYBERT, District Judge:

On July 22, 2011, incarcerated pro se plaintiff Antoine L. Taylor ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against Correctional Officer Michael Wilde, the Nassau County Sheriff's Department, Acting Sheriff Mr. Spastto[1], and Mr. Lettman, whom Plaintiff identifies as the Sergeant on duty the night of the alleged incident (collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Plaintiff's request for permission to proceed in forma pauperis is GRANTED and the Court orders service of the Complaint

---

[1] The Court recognizes that Plaintiff intended to name the Acting Sheriff of Nassau County, Michael Sposato. Accordingly, the Clerk of the Court is directed to so amend the caption.

without prepayment of the filing fee on Defendant Wilde. However, for the reasons that follow, the Complaint is <u>sua sponte</u> dismissed as against the other Defendants.

## BACKGROUND

According to the brief, handwritten Complaint submitted on the Court's civil rights complaint form, on July 2, 2010, Plaintiff was being escorted from the Nassau University Medical Center ("NUMC") Prison Ward to the Nassau County Jail. (Compl. at ¶ IV). Plaintiff claims that he "asked the officer if he could take off the leg armor and the handcuffs b/c we were in the facility now", and alleges that Defendant Wilde refused. (<u>Id.</u>). Plaintiff describes that he was in "a lot of pain from my surgery" and he began to complain about "the body gear still being on even in medical." (<u>Id.</u>). Plaintiff describes what next occurred as:

> The officer then told me to 'shut up' before he sticks me in the medical pins [sic]. I then replied by saying something that he (Mr. Wilde) didn't like, he told me to head to the pins [sic], I said 'for what', the officer then tried to grab me from behind b/c at that point I was holding on to something on the wall. When his grab was not successful he picked me up from behind and slammed me into a vacant office. Where I hit my head on a desk and the floor real hard, cut my finger, and a staple from my surgery had fell out.

(<u>Id.</u>). As a result of the foregoing, Plaintiff seeks unspecified "monetary damages" for his claimed injuries, including pain and suffering and mental anguish. (<u>Id.</u> at ¶ V). Plaintiff also seeks to have "immediate action taking [sic] out on the Officer (Michael

Wilde) for his unacceptable, inappropriate behavior. (Compl. at ¶ V).

## DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197,

167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this state of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a

4

separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A. Claims Against Defendants Sposato and Lettman

Although Plaintiff names Sheriff Sposato and the Sergeant on duty at the time of the incident, Mr. Lettman, as Defendants, there are no factual allegations concerning either of these

5

Defendants, nor are they even mentioned in the body of the Complaint. Thus, it appears Plaintiff seeks to hold these Defendants liable solely because of the supervisory positions they hold. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 5. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant Sposato or Mr. Lettman. Accordingly, the Section 1983 claims asserted against these Defendants are not plausible and are dismissed.

B. <u>Claims against Nassau County Sherriff's Department</u>

The Nassau County Sheriff's Department is an "administrative arm" of the County of Nassau and, thus, "lacks the capacity to be sued" under Section 1983. <u>Mendez v. Sposato</u>, No. 10-CV-5219 (JS)(WDW), 2011 WL 976468, *3 (E.D.N.Y. Mar. 15, 2011); <u>Hawkins v. Nassau County Correctional Facility</u>, No. 10-CV-1808 (JFB)(AKT), 2011 WL 441798, *1 n. 1 (E.D.N.Y. Feb. 8, 2011). Accordingly, the Complaint is dismissed as against the Nassau County Sheriff's Department.

C. <u>Defendant Wilde</u>

As noted above, Plaintiff claims that Defendant Wilde used excessive force in violation of the Eighth Amendment when he physically assaulted Plaintiff while Plaintiff was restrained in leg armor and handcuffs. Though thin, the Court declines to find at this stage that Plaintiff's constitutional claim against Defendant Wilde is implausible. Accordingly, the Court directs service of the Summons and Complaint upon Defendant Wilde.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is granted, but the Complaint is <u>sua sponte</u> dismissed as against Sheriff Sposato, Mr. Lettman and the Nassau County Sheriff's Department pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of

New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the remaining Defendant, Correctional Officer Michael Wilde, without prepayment of the filing fee. Furthermore, the Clerk must mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  2 , 2011
         Central Islip, New York