```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANTOINE L. TAYLOR,

                    Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         11-CV-3608(JS)(ETB)

CORRECTIONAL OFFICER MICHAEL WILDE,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:   Antoine L. Taylor, pro se
                 11-A-5178
                 Sing Sing Correctional Facility
                 354 Hunter Street
                 Ossining, New York 10562

For Defendant:   Peter A. Laserna, Esq.
                 Office of the Nassau County Attorney
                 One West Street
                 Mineola, New York 11501
```

SEYBERT, District Judge:

Incarcerated pro se Plaintiff Antoine L. Taylor ("Plaintiff") commenced this action on July 22, 2011 against Correctional Officer Michael Wilde, the Nassau County Sheriff's Department, Acting Sheriff Michael Sposato, and Sergeant Lettman pursuant to 42 U.S.C. § 1983 asserting claims of excessive force in violation of the Eighth Amendment. Pending before the Court is Defendant Wilde's motion to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6). For the following reasons, Defendant Wilde's motion is DENIED.

## BACKGROUND[1]

According to the brief, handwritten Complaint submitted on the Court's civil rights complaint form, on July 2, 2010, Plaintiff was being escorted from the Nassau University Medical Center ("NUMC") Prison Ward to the Nassau County Correctional Center. (Compl. ¶ IV.) Plaintiff claims that he "asked the officer if he could take off the leg armor and the handcuffs b/c [they] were in the facility now," and alleges that Defendant Wilde refused. (Compl. ¶ IV.) Plaintiff asserts that he was in "a lot of pain from [his] surgery" and he began to complain about "the body gear still being on even in medical." (Compl. ¶ IV.) Plaintiff describes what occurred next as follows:

> The officer then told me to "shut up" before he sticks me in the medical pins [sic]. I then replied by saying something that he (Mr. Wilde) didn't like, he told me to head to the pins [sic], I said "for what," the officer then tried to grab me from behind b/c at that point I was holding on to something on the wall. When his grab was not successful he picked me up from behind and slammed me into a vacant office. Where I hit my head on a desk and the floor real hard, cut my finger, and a staple from my surgery had fell [sic] out.

(Compl. ¶ IV.) As a result of the foregoing, Plaintiff seeks unspecified "monetary damages" for his claimed injuries,

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

including pain and suffering and mental anguish. (Compl. ¶ V.) Plaintiff also seeks to have "immediate action taking [sic] out on the Officer (Michael Wilde) for his unacceptable, inappropriate behavior." (Compl. ¶ V.)

Plaintiff filed his Complaint and a motion for leave to proceed in forma pauperis on July 22, 2011. (Docket Entries 1-2.) On September 2, 2011, this Court granted Plaintiff's request to proceed in forma pauperis but sua sponte dismissed the claims against Sheriff Sposato, Sergeant Lettman, and the Nassau County Sheriff's Department pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). (Docket Entry 7.)

On November 4, 2011, Defendant Wilde moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 9.) Plaintiff, after being granted multiple extensions of time, filed his opposition to Defendant Wilde's motion on May 14, 2012 (Docket Entry 34), and Defendant Wilde filed his reply on May 21, 2012 (Docket Entry 35).

## DISCUSSION

Defendant Wilde moves to dismiss on two grounds: (1) because his use of force was justified and (2) because he is entitled to qualified immunity. The Court will first describe the standard of review on a Rule 12(b)(6) motion before turning to the merits of Defendant Wilde's motion.

3

I.   Standard of Review under Rule 12(b)(6)

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (alteration in original) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss. Id. (internal quotation marks and citation omitted). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal quotation marks and citation omitted). While pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted), they must still

comport with the procedural and substantive rules of law. Colo. Capital v. Owens, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

In deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Consideration of matters beyond those just enumerated requires the conversion of the 12(b)(6) motion to dismiss to one for summary judgment under Rule 56. See FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see also Kramer, 937 F.2d at 773.

## II. Defendant Wilde's Motion to Dismiss

Defendant Wilde argues that the Complaint should be dismissed because (1) his use of force was justified and (2) he is shielded from suit on the grounds of qualified immunity. The Court will address each argument in turn.

A. <u>Whether Wilde's Use of Force Was Justified</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999). Defendant Wilde does not dispute that he was acting under color of state law; at issue is whether Plaintiff has adequately pled the deprivation of a constitutional right.

Here, Plaintiff asserts that Defendant Wilde used excessive force against him in violation of the Eighth Amendment. The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments," including the "unnecessary and wanton infliction of pain." <u>Gregg v. Georgia</u>, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976). To state a claim of cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must "allege[] facts from which it could be inferred that prison officials subjected him to excessive force, and did so maliciously and sadistically." <u>Sims v. Artuz</u>, 230 F.3d 14, 22 (2d Cir. 2000). In other words, Plaintiff must show that (1) the alleged use of force was "objectively sufficiently serious or harmful enough," <u>United States v. Walsh</u>, 194 F.3d 37, 50 (2d

6

Cir. 1999) (citing Hudson v. McMillan, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)), and (2) that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline," Hudson, 503 U.S. at 7.

The Court finds that Plaintiff has done that here. First, Defendant Wilde's act of "slamm[ing]" a handcuffed and shackled Plaintiff into a vacant office causing, inter alia, a staple from his recent surgery to fall out is "objectively sufficiently serious" to state a claim for relief. Hudson, 503 U.S. at 8; see also, e.g., Charlton v. New York, No. 03-CV-8986, 2006 WL 406315, at *7-8 (S.D.N.Y. Feb. 22, 2006) (finding the act of vehemently and repeatedly slamming an inmate against a wall sufficient to satisfy the objective prong of his excessive force claim); Messina v. Mazzeo, 854 F. Supp. 116, 129 (E.D.N.Y. 1994) (stating that "the unprovoked slapping of a handcuffed prisoner while under custody in a police car is an example of an amount of force which is excessive as a matter of law"). And, second, although the Court can infer that Plaintiff was attempting to defy Defendant Wilde's order to "head to the pins" by "holding on to something on the wall" (Compl. ¶ IV), it can also infer that Defendant Wilde's use of force was in retaliation for Plaintiff's "saying something that he (Mr. Wilde) didn't like" (Compl. ¶ IV) and was thus "malicious[] and

7

sadistic[] to cause harm," Hudson, 503 U.S. at 7. Thus, although it is far from clear whether Plaintiff will ultimately prevail, the Court cannot conclude at this early stage of the litigation that Plaintiff has failed to assert a legally plausible claim for relief under the Eighth Amendment. See, e.g., Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) (reversing district court's dismissal of an inmate's excessive force claim because there were "genuine issues of material fact concerning . . . whether the guards maliciously used force against him"); Charlton, 2006 WL 406315, at *7 (denying motion to dismiss, in part, because there was a question of fact whether the defendant's conduct was malicious and sadistic as opposed to a good faith effort to maintain or restore discipline); cf. Phillips v. Girdich, 408 F.3d 124, 127-28 (2d Cir. 2005) ("When reviewing pro se submissions, a district court should look at them with a lenient eye, allowing borderline cases to proceed.")

Defendant Wilde argues that Plaintiff has failed to state a claim because:

> The physical force used by Officer Wilde, as alleged by Plaintiff, was in response to Plaintiff's refusal to obey a direct order. Officer Wilde's force was no more than necessary to maintain the order and discipline of the inmate at the Nassau County Correctional Center, and was thus, justified under [N.Y. PENAL LAW § 35.10(2) and

8

>     the Nassau County Correctional Center Inmate
>     Rules and Regulations].

(Wilde Mot. 6-7.) There are multiple issues with Defendant Wilde's argument. <u>First</u>, his reliance on the Penal Law is misplaced, as this is a civil action, not a criminal prosecution. <u>Second</u>, the Court may not consider the Nassau County Correctional Center Inmate Rules and Regulations, as they were neither attached to the Complaint nor referenced therein. <u>See</u> <u>Helprin v. Harcourt, Inc.</u>, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003) ("To be incorporated by reference, the Complaint must make a clear, definite and substantial reference to the documents."). And, <u>finally</u>, the Court is confined to the allegations in the Complaint, which, construed in the light most favorable to Plaintiff, states a claim for relief. <u>See</u> <u>infra</u> pages 7-8.

B. <u>Qualified Immunity</u>

Defendant also asserts that he is entitled to dismissal on the basis of qualified immunity. Qualified immunity protects a government official sued in his official capacity:

> (1) if the conduct attributed to him was not
> prohibited by federal law; or (2) where that
> conduct was so prohibited, if the
> Plaintiff's right not to be subjected to
> such conduct by the defendant was not
> clearly established at the time it occurred;
> or (3) if the defendant's action was
> objective[ly] legal[ly] reasonable[] . . .

9

> in light of the legal rules that were clearly established at the time it was taken.

Manganiello v. City of N.Y., 612 F.3d 149, 164 (2d Cir. 2010) (alterations in original) (internal quotation marks and citations omitted). Because "[i]t is indisputable that freedom from the use of excessive force is a clearly established constitutional right," Jeanty v. Cnty. of Orange, 379 F. Supp. 2d 533, 542 (S.D.N.Y. 2005), the issue here is whether it was objectively reasonable for Defendant Wilde to believe that his acts did not violate Plaintiff's right to be free from the use of excessive force.

The Second Circuit has held, however, that whether a government official's actions were objectively reasonable "turns on factual questions that cannot be resolved at this stage of the proceedings." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 793 (2d Cir. 2002); see also Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir. 1983) ("Usually, the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted."); Maloney v. Cnty. of Nassau, 623 F. Supp. 2d 277, 292 (E.D.N.Y. 2007) ("Because this defense necessarily involves a fact-specific inquiry, it is generally premature to address the defense of qualified immunity in a motion to dismiss."). Thus, "any adjudication as to the applicability of the qualified immunity

affirmative defense would be premature since '[r]esolution of qualified immunity depends on the determination of certain factual questions that cannot be answered at this stage of the litigation.'" Hamilton v. Fisher, No. 10-CV-1066, 2012 WL 987374, at *19 (N.D.N.Y. Feb. 29, 2012) (quoting Denton v. McKee, 332 F. Supp. 2d 659, 666 (S.D.N.Y. 2004)). Accordingly, the Court will not dismiss on the grounds of qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket Entry 9) is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  10 , 2012
       Central Islip, New York

11