```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
ANTOINE L. TAYLOR,

                Plaintiff,                  ADOPTION ORDER &
                                            ORDER APPOINTING
     -against-                              PRO BONO COUNSEL
                                            11-CV-3608(JS)(ST)
CORRECTIONAL OFFICER MICHAEL
WILDE,

                Defendant.
---------------------------------X
APPEARANCES
For Plaintiff:      Antoine L. Taylor, pro se
                    11-A-5178
                    Riverview Correctional Facility
                    P.O. Box 247
                    Ogdensburg, New York 13669

For Defendant:      Liora M. Ben-Sorek, Esq.
                    Sara Kaye Schwartz, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, New York 11501
```

SEYBERT, District Judge:

Antoine L. Taylor ("Plaintiff"), proceeding pro se, commenced this action against Correctional Officer Michael Wilde ("Defendant") pursuant to 42 U.S.C. § 1983, alleging excessive use of force. On June 8, 2022, Magistrate Judge Steven Tiscione issued his Report and Recommendation ("R&R"), recommending that the Court deny Defendant's motion for summary judgment. (Def. Mot., ECF No. 95; R&R, ECF No. 122.) On August 17, 2022, Defendant served the R&R upon Plaintiff. (Service Aff., ECF No. 124.)

On September 6, 2022, Plaintiff filed a document titled "Opposition to Defendant's Report And Recommendations"; however, this submission does not include any objections to the R&R. (Opp'n, ECF No. 125.) Rather, Plaintiff reiterates his opposition to Defendant's summary judgment motion and renews his request for the appointment of pro bono counsel. Defendant did not file any objections to the R&R and his time to do so has expired.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3). Upon careful review and consideration, the Court finds Judge Tiscione's R&R to be comprehensive, well-reasoned, and free of clear error. As such, the R&R is ADOPTED in its entirety and Defendant's motion for summary judgment is DENIED.

Further, the Court has considered Plaintiff's renewed request for the appointment of pro bono counsel. (See Opp'n at 4.) Unlike criminal defendants, civil litigants do not have a

2

constitutional right to counsel. See Hickman v. City of New York, No. 20-CV-4603, 2020 WL 6565079, at *2 (S.D.N.Y. Nov. 9, 2020) (citing United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981)). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). "This means that it appears to the court 'from the face of the pleading,'" Hickman, 2020 WL 6565079, at *2 (citation omitted), that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold, the Court considers:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Here, Plaintiff's Eighth Amendment claims have survived summary judgment and the Hodge factors weigh in favor of granting Plaintiff's application. Accordingly, Plaintiff's renewed request for the appointment of counsel for the purposes of trial is GRANTED. Pro bono counsel may also engage in settlement discussions.[1]

The Pro Se Office is directed to implement its usual procedure forthwith to select an attorney from the pro bono panel. After an attorney is appointed for Plaintiff, counsel shall enter a limited notice of appearance. Thereafter, the Court will schedule a status conference.

Defendant is directed to serve a copy of this Order upon Plaintiff with the notation "LEGAL MAIL" on the envelope, and to file proof of such service on ECF by September 30, 2022.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

---

[1] Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of trial. Pro bono counsel's filing of a notice of completion will terminate their appearance, at which time they will have no further obligations or responsibilities to Plaintiff or to the Court in this matter. See Green v. New York City Transit Auth., No. 15-CV-8204, 2021 WL 540045, at *2 (S.D.N.Y. Jan. 21, 2021).

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated: September 28, 2022
       Central Islip, New York